**Timothy R. Volpert**, OSB No. 814074
Email: tim@timvolpertlaw.com
Tim Volpert PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (503) 703-9054

**Andrew M. Stroth** (Pro Hac Vice Pending)
Action Injury Law Group, LLC
191 N. Wacker Drive, Suite 2300
Chicago, IL  60606
Telephone: (844) 878-4529

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **BARBARA ELIFRITZ, Personal Representative for the Estate of John Elifritz, and Guardian for minor child S.E.,**<br><br>                    Plaintiffs,<br><br>        vs.<br><br>**CITY OF PORTLAND, a municipal corporation, OFFICER KAMERON FENDER, OFFICER ALEXANDRU MARTINIUC, OFFICER BRADLEY NUTTING, OFFICER CHAD PHIFER, OFFICER ANDREW POLAS, MULTNOMAH COUNTY DEPUTY AARON SIECZKOWSKI, OFFICER RICHARD BAILEY AND OFFICER JUSTIN DAMERVILLE;**<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT**<br>**Civil Rights Violations**<br>**(42 U.S.C. §§ 1983)**<br><br>**Unreasonable Use of Deadly Force; Battery; Wrongful Death**<br><br>**Jury Trial Demanded** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, by and through her attorneys, Andrew M. Stroth and Carlton Odim of Action Injury Law Group, LLC and Tim Volpert of Tim Volpert, P.C., bring their complaint herein and state and allege as follows:

**INTRODUCTION**

1. This is a civil rights action. On April 7, 2018, John Elifritz, a 48-year-old man, experiencing a mental health crisis, lost his life in Portland, Oregon. City of Portland police officers and a Multnomah County Deputy shot him without lawful justification. When he was shot, John Elifritz presented no threat to the Defendant Officers, the Defendant Multnomah County Deputy or to anyone else.

2. The unconstitutional policies and practices of the Portland Police Bureau result in the unjustified police-involved shooting deaths of people suffering from a mental health crisis including John Elifritz. The City of Portland is therefore also liable for his death.

3. From 2006 to the present, the Portland Police Bureau has engaged in a pattern or practice of civil rights violations against people like John Elifritz who have mental illnesses, resulting in the death or serious injury of at least the following people:

| 1. | James Chasse | September 17, 2006 |
| 2. | Aaron Campbell | January 29, 2010 |
| 3. | Jack Dale Collins | March 22, 2010 |
| 4. | Keaton Otis | May 12, 2010 |
| 5. | Darryel Ferguson | December 17, 2010 |
| 6. | Thomas Higginbotham | January 2, 2011 |
| 7. | William Monroe | June 30, 2011 |
| 8. | Bradley Morgan | January 25, 2012 |
| 9. | Billy Wayne Simms | July 28, 2012 |

| | | |
|---|---|---|
| 10. | Merle Hatch | February 17, 2013 |
| 11. | Santiago Cisneros III | March 4, 2013 |
| 12. | Kelly Swoboda | March 12, 2014 |
| 13. | Nick Davis | June 12, 2014 |
| 14. | Christopher Healy | March 23, 2015 |
| 15. | Michael Harrison | May 17, 2015 |
| 16. | Allen Bellew | June 29, 2015 |
| 17. | David James Ellis | July 5, 2015 |
| 18. | Michael Johnson | November 6, 2015 |
| 19. | Steven Liffel | December 9, 2016 |
| 20. | Quanice Hayes | February 7, 2017 |
| 21. | Terrell Johnson | May 10, 2017 |
| 22. | Chase Peeples | October 25, 2017 |
| 23. | Sarah Michelle Brown | March 8, 2018 |

**4.** On December 17, 2012, the United States of America filed a lawsuit against the City of Portland, alleging improper use-of-force by the Portland Police Bureau against people with mental illness and others.[1] The findings of the Department of Justice which prompted the lawsuit that the pattern or practice of the improper use-of-force against the mentally ill is manifested in the following ways:

> "Encounters between PPB officers and persons with mental illness too frequently result in a use of force when force is unnecessary or in the use of a higher level of force than necessary or appropriate, up to and including deadly force. We found instances that support a pattern of dangerous uses of force against persons who posed little or no threat and who could not, as a result of their mental illness, comply with officers' commands. We also found that PPB employs practices that escalate the use of force where there were clear earlier junctures when the force could have been avoided or minimized."[2]

---

[1] *The complaint in* US Department of Justice v. City of Portland*, 12-cv-02265 [December 17, 2012 - USDC DOR]:* http://www.clearinghouse.net/chDocs/public/PN-OR-0001-0001.pdf
[2] DOJ Investigation of Portland Police Bureau, Findings, pp. 2-3: https://www.justice.gov/sites/default/files/crt/legacy/2012/09/17/ppb_findings_9-12-12.pdf

5.      The United States of America entered into a settlement agreement with the City of Portland in the *US v. City of Portland* case ("Settlement Agreement").[3] Neither this Settlement Agreement nor its implementation has changed the pattern or practice of the improper use-of-force by the Portland Police Bureau against people with mental illness.

6.      The death of John Elifritz is a result of the continued pattern or practice of the improper use of force by the Portland Police Bureau against people with mental illness.

## JURISDICTION AND VENUE

7.      The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C §1983 et seq; the Judicial Code, §§1331 and 1343(a); the Constitution of the United States and ORS 30.265.

8.      Supplemental jurisdiction over the related state law claims is invoked pursuant to 28 U.S.C. §1367.

## PARTIES

9.      The Plaintiff, Barbara Elifritz, was appointed Personal Representative of the Estate of John Elifritz on May 16, 2018 by the Probate Court for the County of Multnomah in the State of Oregon.

10.     Plaintiff S.E. is the minor daughter of decedent John Elifritz and is represented by her mother Barbara Elifritz for the purposes of this litigation.

11.     Defendant Officer Kameron Fender was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Portland, acting within the scope of his employment with the City of Portland and under the color of state law.

---

3 Settlement Agreement *US v. City of Portland, December 17, 2012*:
 https://www.clearinghouse.net/chDocs/public/PN-OR-0001-0004.pdf

He is sued in his individual capacity.

12. Defendant Officer Alexandru Martinius was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Portland, acting within the scope of his employment with the City of Portland and under the color of state law. He is sued in his individual capacity.

13. Defendant Officer Bradley Nutting was, at all times relevant to the allegations made in this complaint, a duly appointed officer employed by the City of Portland, acting within the scope of his employment with the City of Portland and under the color of state law. He is sued in his individual capacity.

14. Defendant Officer Chad Phifer was, at all times relevant to the allegations made in this complaint, a duly appointed officer employed by the City of Portland, acting within the scope of his employment with the City of Portland and under the color of state law. He is sued in his individual capacity

15. Defendant Officer Andrew Polas was, at all times relevant to the allegations made in this complaint, a duly appointed officer employed by the City of Portland, acting within the scope of his employment with the City of Portland and under the color of state law. He is sued in his individual capacity

16. Defendant Multnomah Deputy Aaron Sieczkowski was, at all times relevant to the allegations made in this complaint, a duly appointed officer employed by the City of Portland, acting within the scope of his employment with the City of Portland and under the color of state law. He is sued in his individual capacity

17. Defendant Officer Richard Bailey was, at all times relevant to the allegations

made in this complaint, a duly appointed officer employed by the City of Portland, acting within the scope of his employment with the City of Portland and under the color of state law. He is sued in his individual capacity

18. Defendant Officer Justin Damerville was, at all times relevant to the allegations made in this complaint, a duly appointed officer employed by the City of Portland, acting within the scope of his employment with the City of Portland and under the color of state law. He is sued in his individual capacity

19. Defendant City of Portland, a municipality duly incorporated under the laws of the State of Oregon, is the employer and principal of Defendant Officer Kameron Fender, Defendant Officer Alexandru Martiniuc, Defendant Officer Bradley Nutting, Defendant Officer Chad Phifer, Defendant Officer Andrew Polas, Defendant Officer, Defendant Officer Richard Bailey and Defendant Officer Justin Damerville. The City of Portland is responsible for the policies, practices and customs of its Police Bureau.

20. Defendant Multnomah County, a county located in Portland, Oregon, is the employer and principal of Deputy Aaron Sieczkowski.

**FACTS**

21. On April 7, 2018, at approximately 8pm, John Elifritz was inside the CityTeam Ministries Shelter in Portland, Oregon experiencing a mental health crisis, when the eight Defendant Officers including a Multnomah County Deputy stormed the homeless shelter with their AR-15s and weapons drawn and a police trained K-9 dog.

22. Within a few minutes, Defendant Officer Kameron Fender, Defendant Officer Alexandru Martiniuc, Defendant Officer Bradley Nutting, Defendant Officer Chad Phifer,

Defendant Officer Andrew Polas, and Defendant Deputy Aaron Sieczkowski, Defendant Officer Richard Bailey and Defendant Officer Justin Damerville, without cause or provocation, shot John Elifritz.  John Elifritz was struck by mulitple bullets from the guns of the Defendant Officers.

23. At the time the Defendant Officers shot John Elifritz, he did not present a threat to the safety to either of the Defendant Officers or to any other person.

24. Defendant Officers jointly agreed and/or conspired with one another to prepare false, misleading, and/or incomplete official reports and/or to give false, incomplete, and/or misleading versions of the events to their superiors and to the public. In order to cover up their misconduct, they falsely claimed that John Elifritz placed them in imminent fear of bodily harm.

25. The actions of the Defendant Officers, as alleged in this complaint, were taken jointly, in concert, and with shared intent and, therefore, constitute a continuing civil conspiracy under the United States Constitution and Oregon State law.

## COUNT 1
### 42 U.S.C. § 1983 Claim for Unconstitutional Seizure
### (Against the Individual Defendant Officers)

26. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

27. The actions of Defendant Officers, as alleged in the preceding paragraphs, violated John Elifritz' rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this

complaint.

28. The actions of Defendant Officers as alleged in this Count of the complaint were the direct and proximate cause of the constitutional violations set forth above and of John Elifritz injuries.

### COUNT 2
### 42 U.S.C. § 1983 Monell Policy Claim
### (Against Defendant City of Portland)

29. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

30. The actions of Defendant Officers, as alleged in this complaint, were taken under the authority of one or more interrelated de facto policies, practices and/or customs of the City of Portland and its police department.

31. In June 2011, the United States Department of Justice formally opened an investigation of the Portland Police Bureau. This investigation was brought pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. Section 14141 to investigate whether the Portland Police Bureau officers engage in a pattern or practice of using excessive force, with a particular focus on the use of force against people with mental illness or in mental health crisis.

32. In September 2012, the United States Department of Justice Civil Rights Division and the United State's Attorney's Office for the District of Oregon reported findings from this joint investigation of the Portland Police Bureau.

33. The United States Department of Justice found that Portland Police Bureau Officers "engage in a pattern or practice of unnecessary or unreasonable force during interactions

with people who have or are perceived to have mental illness." The Department of Justice reported that the City of Portland has tolerated this conduct through its failure to adequately train, supervise, and monitor police officers, and its failure to adequately accept citizen complaints of misconduct, investigate alleged misconduct, and discipline officers who are guilty of misconduct; and that victims of this unconstitutional pattern and practice "against persons in or perceived to be in a mental health crisis."

34. In the five years since the Department of Justice 2012 Report and the negotiation of a Settlement Agreement to remedy the documented pattern or practice of excessive force and the unconstitutional conduct of Portland Police Officers towards civilians, particularly individuals with mental health challenges, nothing has changed.

35. At all times material to the allegations contained in this complaint, the City of Portland and its police bureau had interrelated de facto policies, practices, and customs which included, among other things:

    a) the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers who commit acts of excessive force, including unjustified shootings against individuals experiencing a mental health crisis;

    b) the police code of silence;

    c) the encouragement of excessive and unreasonable force;

    d) the failure to properly investigate the use of excessive and unreasonable force against civilians, particularly individuals experiencing mental health crisis by City of Portland police officers;

    e) the failure to properly discipline, monitor, counsel and otherwise control City of Portland police officers who engage in unjustified use of excessive and unreasonable force, including unjustified shootings; and/or

   f) the failure to properly train and supervise City of Portland police officers with regard to discharging their weapons at civilians, particularly individuals experiencing mental health crisis;

36. The policy, practice, and custom of a police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive and unreasonable force and the unjustified discharge of an officer's weapon, despite their obligation under police regulations to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability or criminal charges, in cases where they and their fellow officers have used excessive force and/or engaged in unjustified shootings of civilians.

37. The de facto policies, practices and customs of failing to hire, train, supervise, monitor, discipline, transfer, counsel and/or control police misconduct and the code of silence are interrelated and exacerbate the effects of each other, to institutionalize police lying and immunize police officers from discipline.

38. That the unconstitutional actions of the defendants as alleged in this complaint were part and parcel of a widespread municipal policy, practice and custom is further established by the involvement in, and ratification of, these acts by municipal supervisors and policy makers, as well as by a wide range of other police officials, officers, and divisions of the Department.

39. The policies, practices and/or customs alleged in this complaint, separately and together, are the proximate cause of the injury and death of John Elifritz and of the injury to his Estate, because Defendants had good reason to believe that their misconduct would not be revealed or reported by fellow officers or their supervisors, that their false, incomplete, and

misleading reports would go unchallenged by these supervisors and fellow officers and that they were immune from disciplinary action, thereby protecting them from the consequences of their unconstitutional conduct.

40. But for the belief that they would be protected, both by fellow officers and by the City of Portland, from serious consequences, Defendant Officers would not have engaged in the conduct that resulted in the shooting and death of John Elifritz.

41. The interrelated policies, practices and customs, as alleged in this complaint, individually and together, were maintained and implemented with deliberate indifference, and encouraged the Defendant officers to commit the acts alleged in this complaint against John Elifritz; they, therefore, are the moving forces behind, and the direct and proximate causes of, the injuries to John Elifritz and his Estate.

42. Additionally, the failure to properly hire, train, supervise, discipline, monitor, control, and/or counsel the Defendant officers was also done with deliberate indifference and likewise acted as a direct and proximate cause of the injuries to John Elifritz and his Estate.

43. Among other things, the policies, practices and customs alleged in this complaint encouraged the use of excessive and unreasonable force and the extrajudicial shooting, other police misconduct, the fabrication of evidence, the intimidation of witnesses, and the making of false, incorrect and misleading statements and reports, and the maintenance of a code of silence. These policies, practices and customs, therefore, are the moving forces behind, and the direct and proximate causes of, the unconstitutional acts committed by the Defendants in this case and the injuries to John Elifritz and his Estate.

## COUNT 3
### State Law Claim for Wrongful Death – ORS 30.020
### (Against the Individual Defendant Officers)

44. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

45. Decedent is survived by his heirs, who are represented by the plaintiff in this action. Decedent's heirs have suffered pecuniary loss, loss of decedent's aide, comfort, society, companionship, guidance and protection and otherwise suffered damages all to their detriment.

46. The Defendant Officers willfully and maliciously shot John Elifritz to death.

47. The Defendant Officers otherwise acted both negligently, intentionally, and with malice and willful indifference in committing the acts alleged in this complaint, which resulted in the wrongful death of John Elifritz.

48. As a direct and proximate result of the actions of the defendants as alleged in this complaint, John Elifritz died of the gunshot wounds inflicted by the Defendant Officers, subjecting Defendants to liability pursuant to ORS 30.020.

## COUNT 4
### State Law Claim for Assault and Battery
### (Against the Individual Defendant Officers)

49. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

50. The actions of Defendant Officers created in John Elifritz the apprehension of an imminent, harmful, and offensive touching and constituted a harmful touching, both without legal justification.

## COUNT 5
### State Law Claim under ORS 30.275
### (Against the City of Portland)

51. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

52. In taking the actions described in the preceding paragraphs, the defendant officers negligently and intentionally caused the harmful and offensive physical contact with John Elifritz and thereby caused his death, without legal justification, while the defendant officers were working for the City of Portland Police Department.

## PRAYER FOR RELIEF

The Plaintiff demands that judgment be entered in her favor on all counts and pray the court to award the following relief:

53. An award of actual or compensatory damages against Defendant Officer Kameron Fender, Defendant Officer Alexandru Martiniuc, Defendant Officer Bradley Nutting, Defendant Officer Chad Phifer, Defendant Officer Andrew Polas, Defendant Deputy Aaron Sieczkowski, Defendant Officer Richard Bailey and Defendant Officer Justin Damerville, plus the costs of this action, and attorney's fees; and

54. An award of actual or compensatory damages against Defendant City of Portland, plus the costs of this action, and attorney's fees; and

55. An award of punitive damages against Defendant Officer Kameron Fender, Defendant Officer Alexandru Martiniuc, Defendant Officer Bradley Nutting, Defendant Officer Chad Phifer, Defendant Officer Andrew Polas, Defendant Deputy Aaron Sieczkowski, Defendant Officer Richard Baily and Defendant Officer Justin Damerville; and

**56.** An award of declaratory and injunctive relief against Defendant City of Portland enjoining policies, practices and customs shown to encourage the use of excessive and unreasonable force and the extrajudicial shooting of civilians, particularly individuals suffering from mental health challenges, and ordering the implementation of specified policies; and

**57.** An award of such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 22nd day of May, 2018.

By: s/ Timothy Volpert
**Timothy R. Volpert**, OSB No. 814074
Email: tim@timvolpertlaw.com
Tim Volpert PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (503) 703-9054

One of the Attorneys for Plaintiffs